Williams *v.* The State.

BOB WILLIAMS *v.* THE STATE.

CONFESSIONS. When the *corpus delicti* is proved, confessions made volun-
tarily, though the prisoner was intoxicated, if corroborated by cir-
cumstances, are sufficient to sustain a conviction.

FROM KNOX.

Appeal from the Criminal Court of Knox county.
M. L. HALL, J.

W. F. YARDLEY for Williams.

D. D. ANDERSON and HENDERSON & JOUROLMON
for the State.

DEADERICK, C. J., delivered the opinion of the court.

The defendant below was convicted of wrecking a
train under section 4638 of the Code, and being re-
fused a new trial appealed in error to this court.

Amongst other evidence adduced by the State, sev-
eral witnesses testified to confessions by the prisoner
of his guilt, in which he detailed the manner in which
the crime was perpetrated. It was objected by de-
fendant that the confession to Staub was improperly
obtained, but the court overruled the objection and
allowed the witness to detail it, and the circumstances
under which it was made. The witness told the
prisoner that he did not like the railroad, had been
lawing with them, and he, witness, might talk to

him freely.   It is also insisted that the prisoner was drunk when he confessed.   The prisoner told the witness that he had wrecked the train for revenge for having been discharged from the service of the company; that he broke the lock of the signal, and changed it and the switch with a coupling-pin, which he threw away near the place of the wreck.

The wreck was caused in the manner stated by the prisoner, and the coupling-pin was found near the place indicated.   The court allowed this statement of the witness to go to the jury, and we think there was no error in so ruling.

It is first objected that the confessions were improperly obtained and should have been rejected, because the prisoner was drunk and because inducements were held out to him to make them.   In the first place, Staub very explicitly declares that the prisoner was not drunk, and even if he had been, without more, this would be no ground to exclude them.   Next it is argued that the confessions are not corroborated by other evidence in the cause, and that confession of guilt, if not corroborated, is not sufficient to sustain a conviction.   In this case the prisoner was seen by several at a late hour of the night near the place of the crime; the lock bore evidence of having been beaten as described by him, and the coupling-pin was found at or near the place where he said he had thrown it.

A confession when the *corpus delicti* is not otherwise proved, will not sustain a conviction.   But when the *corpus delicti* is proved by other evidence, a free

and voluntary confession, deliberately made, is, at common law, sufficient 'to sustain a conviction, although some of the States have adopted a different rule, especially in capital cases: 1 Wh. Cr. L., sec. 683; 1 Greenl. Ev., sec. 217. But in this case we hold there are corroborating circumstances, and upon them, and the repeated confessions of the prisoner, the conviction is sufficiently sustained.

One Cora Johnson was indicted jointly with the prisoner, and upon the trial, Douglass, the officer who had the prisoner in charge, testified as to a conversation with him, and also as to a conversation with the defendant Cora. At the end of the evidence objection was entered in the following terms: "This evidence was objected to by defendant Williams.'

Douglass stated that Cora, among other things, said that "Bob. did it, but a white man helped him to."

The objection is general and might well be held to apply to all the evidence of the witness, or as much to one part as another. But as what she did say about Bob's doing it, was the last thing said by the witness Douglass, the objection was, perhaps, intended to apply to this, and this, we are inclined to · think, was the part of the evidence to which the prisoner did in fact object.

The evidence was inadmissible as against the prisoner, and ought to have been rejected. At the close of the testimony the Attorney-General entered a *nolle prosequi* as to Cora Johnson.

The defendant requested the court to charge that confessions ought to be received with caution, lest the

language of the witnessess should be substituted for that of the prisoner. This is substantially the rule as laid down by Mr. Greenleaf, vol. 1, sec. 214, and should have been given in charge by the court. But the court does say they should take the evidence of confessions and weigh it with all the other evidence, and give it such effect as in their judgment it deserves. So that the charge as given was correct, but not exactly responsive to the request. But we cannot see, taking the whole charge together, that there was any thing misleading in it, and we would not reverse for this omission, notwithstanding we think it would have been better to have stated it as requested.

It was not error to refuse to charge as requested, that the jury must have corroborating circumstances before they can convict upon a confession of guilt, the *corpus delicti* being otherwise proved. Nor was it error to refuse to tell the jury they must disregard the confession if obtained by questionable means.

This was a question for the court to determine, when the evidence was offered, and this question having been determined by the court and the evidence admitted, the office of the jury in relation to it was to determine its credibility and weight. Upon this point they were properly instructed. But for the error in the admission of the testimony indicated, the judgment must be reversed.