LINE *v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

FRANCIS W. HEADMAN and BOYD W. COX, both of Knoxville, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the state.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of involuntary manslaughter and punishment of 11 months and 29 days in the county workhouse.

Defendant was tried below on a three-count indictment which is as follows:

"First Count: That heretofore, to-wit: on the —— day of October, 1949 in the State and County aforesaid J. E. Line alias J. E. Lines alias J. C. Line was then and there *operating and driving* a motor vehicle upon and along a public highway, to-wit: along Maynardville Highway carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others and in so doing did unlawfully, carelessly, negligently and recklessly collide with Edmond W. Tidwell as a result of which said Edmond W. Tidwell died, so that the Grand Jurors say that said defendant is guilty of involuntary manslaughter, contrary to the statute and against the peace and dignity of the State.

"Second Count: And the Grand Jurors aforesaid, upon their oaths aforesaid, further present and say: That said defendant at said time and place and on the date aforesaid, was *operating and driving* said vehicle upon said highway without due caution and circumspec-

tion at a speed and in a manner so as to endanger any person and property and in so doing did unlawfully, carelessly, negligently and recklessly collide with Edmond W. Tidwell as a result of which said Edmond W. Tidwell died, so that the Grand Jurors say that said defendant is guilty of involuntary manslaughter, contrary to the statute and against the peace and dignity of the State.

"Third Count: And the Grand Jurors aforesaid upon their oaths aforesaid further present and say: That said defendant, at said time and place and on the date aforesaid, was *operating and driving* said motor vehicle upon and along said highway while under the influence of an intoxicant and while under the influence of narcotic drugs and in so doing did unlawfully, carelessly, negligently and recklessly collide with Edmond W. Tidwell as a result of which said Edmond W. Tidwell died, so that the Grand Jurors say that said defendant is guilty of involuntary manslaughter, contrary to the statute and against the peace and dignity of the State." (Our emphasis.)

With no objection to the sufficiency of this indictment, Defendant pleaded "not guilty," and went to trial on all three counts. The jury brought in a general verdict of "guilty" with punishment as stated.

At about 11:00 o'clock on the night of October 29, 1949, on State Highway No. 33, a mile or more north of Fountain City, the Defendant and a woman companion, Ruth Helton, were coming south toward Knoxville, when the Defendant's Ford car developed ignition trouble and stopped running. The Defendant undertook to repair the damage and to start the car without success. He ran his battery down so that it would not turn the motor, and finally sent Ruth Helton along the highway to flag a car and get it to push the Ford and so start the motor.

After Ruth Helton had flagged down an approaching automobile, she returned to the Ford and was in the act of re-entering the Ford with her hand on the right door, when an Oldsmobile driven by one Tidwell, also coming south on the highway, collided with the Ford, ran across to the east side of the highway and overturned in a ditch. Tidwell was thrown from the Oldsmobile and so crushed by it that his back was broken and he received other injuries from which he died about 24 hours later. Apparently, he never regained consciousness nor made a statement.

A passenger in Tidwell's car, Charles Bean, a 16-year-old boy, testified for the State that when he first saw the Line car, it was standing on the concrete on the west side of the highway; that Tidwell could not avoid it, collided with it; and the Oldsmobile thereafter ran across the highway and overturned in the ditch. He placed the Ford (Line's car) about the center of the west concrete strip pointing southeastwardly. The only importance of Bean's testimony for our investigation, is that he corroborated the Defendant and Defendant's witness, Mrs. Helton, in testifying that at the time of the collision the Ford was standing still. All the testimony is therefore, that at the time of the collision, the Defendant was neither "driving" nor "operating" the automobile.

" 'Driving' an automobile within the meaning of statutes prohibiting driving while intoxicated or while under the influence of intoxicating liquor undoubtedly means that the car must be moving along a street or highway. . . ." 5 Am. Jur., Section 771.

"Operating" means putting into or continuing in activity. Webster's Unabridged International Dictionary.

The undisputed testimony is that at the time of the collision, the Ford of the Defendant was at rest on the highway, the motor was not turning over, and the Defendant was doing nothing to the automobile, but sitting on the front seat waiting to be pushed off the highway by the driver of the car which had been flagged by Mrs. Helton. Neither the driver nor occupants of that car, were found to testify at the trial, but the State's witness, Bean, does say that another car was nearby on the highway at the time of the collision.

In all three counts of the indictment, Defendant was charged with "operating and driving" a motor vehicle. Proof of that charge was an indispensable element to support the conviction. There was no evidence that the Defendant was at the time of the collision, "driving and operating" his automobile. Therefore, we are compelled to reverse on the ground that the verdict was against the preponderance of the evidence. Code, Section 11810; *Mahon* v. *State,* 127 Tenn. 535, 156 S. W. 458.

The first assignment of error is sustained, the judgment is reversed and the case remanded.

All concur.