Noel G. Kyle

*v.*

State of Tennessee.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

RAY W. CHURCHILL, Memphis, for plaintiff in error.

WALKER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This appeal is from a conviction of driving an automobile while under the influence of an intoxicant. Code

Section 59-1031, T.C.A. The sentence was twenty days imprisonment and a fine of $350. From this conviction a seasonable appeal has been perfected wherein the primary insistence is that there is no evidence of the *corpus delicti*. There are other insistences which will be commented on in the course of the opinion, but the gravamen of the defense is that there is no evidence of the *corpus delicti*.

On January 31, 1959, police officers of Memphis were summoned to investigate an accident at the intersection of Union Avenue and Main Street in the City of Memphis. When they arrived at this intersection they found an automobile parked in the center lane of Main Street, next to the center line, about twenty feet south of the intersection of Main Street and Union Avenue, headed in a southerly direction. The plaintiff in error was standing in the street at the rear of this automobile.

The officers approached the plaintiff in error and made inquiry as to the trouble and were informed by him that his car had been struck by a street railway bus a few minutes before. The officers checked and could find no evidence of a collision but observed in conversation with the plaintiff in error that he was under the influence of an intoxicant. He was thus taken to the car of the officers and questioned further. He told the officers that he had been in the southbound lane on Main Street and stopped in this lane of traffic when a Memphis railway bus had proceeded to pass him on the right side and hit his car. In this conversation the officers formulated the opinion that the plaintiff in error was intoxicated and thus it was that they took him to the City Hall for further examination. While there and being further examined the plaintiff in error admitted to them that he was driving this

automobile and that it was his car. Thus it was that under this state of facts the arrest was made for driving while under the influence of an intoxicant and the conviction from which this appeal stems.

As said in the outset the gravamen of the appeal is based on the proposition that there was no proof of the *corpus delicti* and thus the plaintiff in error's confession made to these officers would not be admissible. There are eight assignments in all, but most of them go to the proposition that there is no evidence to sustain the verdict. Of course, if the proposition is borne out that there is no proof of the *corpus delicti* then this proposition would obviate any further consideration here.

In this State we have long followed the rule that a confession is not admissible in the absence of some proof of the *corpus delicti* and that a confession upon such uncorroborated evidence cannot be sustained. *Ashby v. State,* 124 Tenn. 684, 139 S.W. 872, 875. See likewise Wharton's Criminal Evidence (Anderson) at Section 357 and 358, Volume 2. This Court said in the Ashby case, supra: "while the *corpus delicti* cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all of the evidence so considered together the *corpus delicti* and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict." Likewise it was held in this case it was not necessary that this evidence of a *corpus delicti* precede the introduction of the confession though it was best to do so; but if it came in the wrong order the Court would not reverse. This case and the holding above quoted has been affirmed

many times since as will be observed by Shepardizing the case.

■■ Of course, the term *"corpus delicti"* as applied to the particular offense here charged means that the State must establish that the plaintiff in error operated his automobile upon one of the streets of Memphis in an intoxicated condition. The *corpus delicti* is made up of two elements: (a) commission of the crime, and (b) the criminal responsibility therefor. The proof of the plaintiff in error's agency as the doer of the crime, while an essential requisite in order to convict, does not form a part of the *corpus delicti*. Wharton, supra, in his very able discussion of the question here under consideration shows in the Sections above cited that any, as he calls it, "inculpatory facts" discovered by reason of an inadmissible confession are admitted by all the courts. Then he says in Section 358, supra, that: "The search made as a consequence of information given by the accused must result in the discovery of inculpatory facts, as otherwise no testimony, either as to confession, or as to the search instituted in consequence of it, is admissible."

■ It is the State's contention in this case that there is sufficient evidence that the plaintiff in error drove his car on the streets of Memphis while under the influence of an intoxicant. The facts show when the police arrived that plaintiff in error's car was parked out in the middle of the street, as said above, and the plaintiff in error was standing at the rear of the car, and, under the uncontradicted proof herein, was under the influence of an intoxicant. The automobile was that of the plaintiff in error and had been left in the center of one of the main thoroughfares of a business district of a large city. Of course, someone, under the factual situation here shown,

must have driven the car to the position in which it was in, must have had physical control over the car to have parked it in the center of the street where it was discovered. The fact that plaintiff in error was with the car and that there was no other person there along with his statement that the car had been struck by a Memphis bus indicates clearly that he had driven the car to this position. These facts along with the fact of finding the plaintiff in error in an intoxicated condition form a basis to establish the *corpus delicti* to permit the confessions and statements that the plaintiff in error made to these officers. If the plaintiff in error had driven his car to this position in an intoxicated condition and had left it there, even though he was not actually moving it at the time that he was found the surrounding facts show in their close proximity thereto that he had operated it in an intoxicated condition, and even though it was parked he was guilty under this statute as is shown by *Bradam v. State,* 191 Tenn. 626, 235 S.W.2d 801, wherein Bradam was convicted of involuntary manslaughter for driving his truck while in an intoxicated condition into a place and parking it causing the death of an individual.

Needless to say, the question above has given us a great deal of concern and in addition to the excellent briefs on the question on behalf of the State and the plaintiff in error we have done a considerable independent investigation, but after having made this investigation and studying over the matter for a day or two we are constrained to hold that there were enough corroborative facts discovered by reason of the police being called and the statements here made to establish the *corpus delicti* so that a confession would be admissible. The man admitted

that he drank a pint of gin immediately before this accident happened.

■ The complaint is made that no instruction was given the jury on circumstantial evidence. This question is very frequently raised, and has been answered many times. The rule in this State is where a case is based wholly on circumstantial evidence then it is reversible error to fail to charge circumstantial evidence, but if there is some direct evidence (when this confession is admitted there is direct evidence) then the rule charging circumstantial evidence no longer is necessary. *Bishop v. State,* 199 Tenn. 428, 287 S.W.2d 49; *Wooten v. State,* 203 Tenn. 473, 314 S.W.2d 1.

■ Complaint is likewise made of the refusal of the trial judge to give two special requests. After having considered the trial judge's charge as given and those special requests as asked for, we are satisfied that the trial judge adequately charged the jury upon the subject on which an additional charge was requested. One of the special requests went toward the meaning of driving an automobile with reliance had upon the case of *Line v. State,* 191 Tenn. 380, 234 S.W.2d 818. This Line case, when the facts are clearly analyzed is not in point here. As indicated by the citation of our Bradam case, supra, and then likewise with reference to the case of *Hopson v. State,* 201 Tenn. 337, 299 S.W.2d 11, it is clear that it isn't necessary that the car be in actual movement for one to be guilty of violating this statute.

■ Then the question is again submitted to the trial court by way of special request asking for a request to be charged on the admissibility of the confession herein. This was properly refused because the admission of con-

fessions is a question of law and not a question to be charged to the jury.  *Williams. v. State,* 80 Tenn. 211.

Again we will say this has been a very interesting case, well briefed on both sides, but after having considered it for sometime we are constrained to affirm the judgment below.

### On Petition to Rehear

Counsel for the plaintiff in error have filed with us a courteous and earnest petition to rehear.

We have carefully considered this petition and find, essentially to all intents and purposes, it is a reargument of the argument so forcefully made in the original brief. This petition, too, takes up probably more fully the holding of this Court in *Bradam v. State,* cited in the original opinion, and attempts to show its inapplicability to the facts of the instant case. We are satisfied though that what we said as to the applicability of the Bradam case in the original opinion is the correct application.

The only possible thing or argument made in this case that was not commented on in our original opinion is that:

"Counsel has been unable to find any case in any jurisdiction that has gone so far as to hold that in the absence of the testimony of a witness or the testimony showing an accident from which an inference could be drawn that the person's ability to operate his vehicle had been in somewise impaired, has a conviction been sustained, * * *"

It is not necessary that an accident happen to sustain a conviction for driving while drunk. The statute

as set forth in our original opinion makes the penalty for driving while drunk, not for an accident or thing of the kind, growing out of driving in this condition. The idea, of course, is that if one is caught or found driving or to have driven in a drunken condition regardless of whether or not there has been an accident there is a violation of the statute, and the person who has driven while intoxicated is guilty of violating the statute. Clearly, to us, under the facts as outlined in our original opinion the plaintiff in error was guilty of driving while in said intoxicated condition.

We find nothing new in this petition and consequently it is overruled.