# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 12, 2001

## STATE OF TENNESSEE v. JESSE R. SCRUGGS

**Direct Appeal from the Criminal Court for Williamson County**
**No. I-999-317     Donald P. Harris, Judge**

---

**No. M2001-00518-CCA-R3-CD - Filed April 30, 2002**

---

The defendant was convicted of DUI and driving in violation of a Habitual Traffic Offender Order. Based upon our review of the record, we conclude that there is sufficient evidence corroborating the defendant's statement that he was driving.  Furthermore, the trial court is presumed to have fulfilled its role as thirteenth juror when, as in the instant case, the trial court overrules a defendant's motion for new trial without comment.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

John H. Henderson, District Public Defender, and Eugene J. Honea, Assistant Public Defender, for the appellant, Jesse R. Scruggs.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Jesse R. Scruggs, was indicted in Count One for operating a motor vehicle while a Habitual Traffic Offender Order was in effect; in Count Two for driving while under the influence of an intoxicant ("DUI"); and in Count Three for eighth offense DUI.  He was tried by a jury and found guilty of Counts One and Two.  The defendant waived a jury trial on Count Three and following a bench trial, was found guilty of fourth offense DUI.   Thereafter, the trial court dismissed Count Three and entered a judgment for DUI fourth offense in Count Two.  The defendant was sentenced in Count One as a Range II Multiple Offender to four years in the Tennessee Department of Correction; and in Count Two to a concurrent sentence of eleven months and twenty-nine days.  The sentences were ordered to be served consecutively to the defendant's sentence for

another conviction in Rutherford County. The defendant filed a motion for new trial which was denied by the trial court. In this timely appeal, the defendant alleges that the trial court failed to act as thirteenth juror and erred by denying his motion for new trial.

## FACTS

Deputy Kevin Lovell of the Williamson County Sheriff's Department testified that he was dispatched to the scene of a one car accident. He arrived at the accident scene four or five minutes after receiving the dispatch and observed a car registered to Martha and Robert Scruggs in the ditch alongside the road. Deputy Lovell did not see anyone in the car or in the area outside the car. However, based upon the car's registration information, he was able to get a description of a possible driver from the dispatcher. He radioed that description to Corporal Jerry Goodin, who began a search for the driver and/or possible passengers in and around the businesses nearby.

Shortly thereafter, Corporal Goodin arrived at the scene of the accident with the defendant in his patrol car. Deputy Lovell testified that the defendant appeared unsteady on his feet, that his eyes appeared red and watery, that he smelled of alcohol, and that his speech was slurred. He asked the defendant if it was his car in the ditch and the defendant replied that it was. The defendant explained to Deputy Lovell that "it was raining, and I slid off the road." Deputy Lovell asked the defendant to perform several field sobriety tests, which the defendant performed poorly. According to Deputy Lovell, the defendant's attitude began to change from cooperative to belligerent, and he began to assert that he had not been driving and that there was a woman in the car. Deputy Lovell placed the defendant under arrest for DUI.

Corporal Goodin testified that during his search for the driver of the vehicle, he noticed the defendant using an outside payphone at a Mapco Convenience Store. The Mapco was located approximately one to two hundred yards from the scene of the accident. Corporal Goodin approached the defendant and asked him if he had been involved in a nearby car accident. The defendant responded that he had and appeared unsteady on his feet. Corporal Goodin also noticed that the defendant emitted an odor of alcohol, which was discernable from three or four feet away. The defendant did not appear to be injured, and Corporal Goodin asked if the defendant wanted a ride to the scene of the accident. The defendant indicated that he did and got into Corporal Goodin's vehicle.

Chris Vick, an off-duty Nashville police officer, testified that he was riding with Deputy Lovell, his brother. While Deputy Lovell was finishing his investigation of the accident scene, Mr. Vick sat in the police car with the defendant. Mr. Vick testified that the defendant attempted to engage him in conversation; however, Mr. Vick did not respond. Mr. Vick got out of the police car but returned when he noticed the defendant trying to get his attention. According to Mr. Vick, the defendant then told him that he had been drinking. He explained that he had been out with his girlfriend and was in a hurry to get her home before his wife got home. The defendant asked Mr. Vick to retrieve Deputy Lovell. When Deputy Lovell asked what the defendant wanted, the defendant admitted to Deputy Lovell that he was driving the car.

**ANALYSIS**

The defendant alleges that the trial court failed to fulfill its mandatory duty to serve as thirteenth juror and grant the defendant a new trial. Specifically, he asserts that there is insufficient evidence to support his convictions because the weight of the evidence preponderates against the jury's finding that he was driving the car, a required element of the offense in both counts. We disagree. Tennessee Rule of Criminal Procedure 33(f) provides that "the trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." Our supreme court has stated that this rule "imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case, and that approval by the trial judge of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment." State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). However, this rule does not require an explicit statement on the record that the trial court performed its duty. Id. Compliance with the rule is presumed when, as in the instant case, the trial court simply overrules a motion for a new trial without comment. Id. Furthermore, the accuracy of a trial court's thirteenth juror determination is not a proper subject of appellate review because the trial court is in the best position to assess whether the verdict is supported by the weight and credibility of the evidence. State v. Moats, 906 S.W.2d 431, 435 (Tenn. 1995); State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, once the trial court approves the verdict as the thirteenth juror, this Court's review is limited to determining the sufficiency of the evidence. Burlison, 868 S.W.2d at 719.

When a defendant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based on direct, as well as circumstantial, evidence. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In the instant case, the defendant alleges that there is insufficient evidence to establish that he was driving the car. In support of this assertion, he points out that his conviction cannot be founded solely on his confession but must be supported by corroborating evidence. We agree that it is a well-established principle of law in this state that a conviction cannot be founded solely upon

a defendant's confession, and that, in order to establish the "corpus delicti," there must be some corroborating evidence. State v. Smith, 24 S.W.3d 274, 281 (Tenn. 2000) (citing Ashby v. State, 139 S.W. 872, 875 (1911)). Literally, corpus delicti means the body of the crime. Two elements make up the corpus delicti: (1) "that a certain result has been produced, and (2) that the result was created through criminal agency." State v. Ervin, 731 S.W.2d 70, 71-72 (Tenn. Crim. App. 1986). In other words, the State must show that the crime charged has been committed through the criminal acts of the accused. Kyle v. State, 208 Tenn. 170, 344 S.W.2d 537, 538 (Tenn. 1961). Therefore, in the instant case, the State was required to show that the defendant operated his automobile while under the influence of an intoxicant.

The corpus delicti may be proven by circumstantial evidence, and only slight evidence of the corpus delicti is required to corroborate a confession and sustain a conviction. Id.; Ervin, 731 S.W.2d at 72. The "evidence is sufficient if . . . it tends to connect the defendant with the commission of the offense, although the evidence is slight, and entitled, when standing by itself, to but little consideration." Ricketts v. State, 241 S.W.2d 604, 606 (1951). In the instant case, the defendant was located, only minutes after the wreck was reported, using a payphone one to two hundred yards from the scene of the accident. In addition, he appeared to be intoxicated. The defendant admitted that he had been in an accident nearby. Moreover, the wrecked car was registered to Martha and Robert Scruggs, persons with the same surname as the defendant. Such evidence tends to connect the defendant with the offense and is, therefore, sufficient to corroborate his confession. This issue is without merit.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-