**STATE of Tennessee, Appellee,**

v.

**Chester ERVIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 30, 1986.

Permission to Appeal Denied by Supreme Court April 6, 1987.

Sam Delk Kennedy, Jr., Columbia, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Mike Bottoms, Robert Sanders, Asst. Dist. Attys. Gen., Columbia, for appellee.

OPINION

DWYER, Judge.

The appellant was convicted of aggravated sexual battery and aggravated rape, and was sentenced to 20 years and 10 years, respectively. The sentences were ordered to be served concurrently. He appeals of right challenging whether the evidence adduced at trial sufficiently establishes the *corpus delicti* of the crimes for which the defendant stands convicted.

The proof adduced at trial showed that during the fall of 1985, Lisa Ervin, the eleven-year-old victim, complained that her step-father had sexually abused her. She alleged that the appellant had fondled her private parts and inserted his fingers into her vagina on various occasions during May, June and July of that same year. The victim conveyed this information to several people, including her mother, aunt, a Human Services Department investigator, an officer of Maury County Sheriff's Department, a pediatrician, and an official of the Columbia Mental Health Center.

A pelvic examination of the victim in October 1985 revealed that she had an enlarged vaginal opening which can be caused by intercourse, manipulation or digital penetration. On October 28, 1985, the appellant made a tape recorded statement wherein he acknowledged that he had fondled the victim's private parts and had put his fingers inside her vagina. On November 27, 1985, the appellant reiterated this statement to a police officer shortly following his arrest, but appellant insisted that he had not raped the victim. The appellant made no further statement after he was advised by the officer that digital penetration constitutes rape.

Prior to trial, however, the victim recanted the allegations concerning her sexual abuse. The victim stated that she had lied about the appellant because she wanted him to leave the family home, and because she had had sex with a boy during the period in question. At trial she denied that appellant had sexually abused her. She was cross examined by the State as a hostile witness concerning her pre-trial statements. The jury was instructed that the impeaching testimony could not be used as substantive evidence as to guilt of the appellant.

The appellant did not testify.

The appellant alleges that the State failed to establish sufficient independent evidence of the *corpus delicti* to corroborate his inculpatory statements. The question of whether the State has sufficiently established the *corpus delicti* of a crime is primarily a jury question. *McClary v. State*, 211 Tenn. 46, 362 S.W.2d 450, 454 (1962); *Williams v. State*, 552 S.W.2d 772, 776 (Tenn.Crim.App.1977). The *corpus delicti* of a crime requires the showing of two elements:

(1) That a certain result has been produced, and

(2) That the result was created through criminal agency.

See *Wooten v. State*, 203 Tenn. 473, 314 S.W.2d 1, 5 (1958); *Ashby v. State*, 124 Tenn. 684, 139 S.W. 872, 875 (1911). All elements of the *corpus delicti* may be established by circumstantial evidence. *Clancy v. State*, 521 S.W.2d 780, 783 (Tenn. 1975); *Nichols v. State*, 200 Tenn. 65, 289 S.W.2d 849, 858 (1956). Only slight evidence of the *corpus delicti* is necessary to corroborate a confession and thus sustain a conviction. *Barksdale v. State*, 200 Tenn. 322, 292 S.W.2d 193, 195 (1956); *Northern v. State*, 541 S.W.2d 956, 959 (Tenn.Crim. App.1976).

■ In the case *sub judice*, the appellant made not one but two inculpatory statements. Only after he was advised that digital penetration constitutes rape under the statute did the appellant cease such statements. Notwithstanding the fact that the victim recanted her pre-trial allegations made to numerous parties that appellant had sexually abused her, the pelvic examination of the victim was sufficient circumstantial evidence to establish the *corpus delicti* and corroborate both confessions by the appellant.

The United States Supreme Court has held that a conviction resting primarily upon the defendant's inculpatory statements must be affirmed where there is substantial independent evidence tending to establish the trustworthiness of the defendant's statements. The corroborative evidence which tends to prove the truthfulness of the defendant's statements need not be sufficient to establish the *corpus delicti* of the offense charged. *Opper v. United States*, 348 U.S. 84, 93, 75 S.Ct. 158, 164–165, 99 L.Ed. 101 (1954).

This issue therefore is without merit. Accordingly, the judgment of the trial court is affirmed.

WALKER, P.J., and DAUGHTREY, J., concur.