# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

November 13, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9705-CC-00192** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MARSHALL COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHARLES LEE** |
| **JOHN WILLIAM TAYLOR,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Aggravated Burglary-** |
| | ) | **Theft over $1,000)** |


FOR THE APPELLANT:

HERSHELL D. KOGER
135 N. 1st Street
P. O. Box 1148
Pulaski, TN  38478

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

MIKE MCCOWEN
District Attorney General

WEAKLEY E. BARNARD
Assistant District Attorney
Marshall County Courthouse
Lewisburg, TN  37091


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On October 3, 1996 a Marshall county jury convicted Appellant, John William Taylor, of aggravated burglary and theft over $1000.00. The trial court, sitting as thirteenth juror, found the weight of the evidence insufficient for the offense of theft over $1000.00 and entered a judgment of guilty of theft of property over the value of $500.00. After a sentencing hearing, the trial court sentenced Appellant as a career offender to serve fifteen years at 60%, consecutive to all prior convictions and concurrently with six years at 60% on the theft conviction. Appellant appeals from the judgment and the sentence, raising three issues:

      1) whether the evidence was sufficient to support the convictions for theft and burglary;
      2) whether the trial court erred in refusing to inform the jury that the appropriate range of punishment for Appellant was as a career offender;
      3) whether the trial court erred in ordering Appellant's sentences to run consecutive to his prior sentences.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

On January 12, 1995, Carla Sue Richards returned to her Marshall County home to find that someone had broken into her home. The back door was ajar and twisted, with a foot print on the door. She went into the house and called a neighbor, her husband, and law enforcement. It was discovered that a television, two rifles, a shotgun, and jewelry were missing from the house. Law enforcement personnel put the serial number from the stolen television in the National Crime

Information Center computer. Two weeks later, Metro Davidson county police advised a Marshall County detective that the Richards' television had been pawned in Nashville by Tammy Taylor, Appellant's wife. Ms. Taylor was arrested, tried and acquitted for the burglary and theft of the Richard's property. During the course of investigating Ms. Taylor, law enforcement officials took an inculpatory statement from Appellant in which Appellant stated that he entered the Richards' house and stole the television, guns, and jewelry.

## I. SUFFICIENCY OF THE EVIDENCE

Appellant challenges the jury's verdict alleging that the evidence introduced at trial was insufficient for a rational trier of fact to determine beyond a reasonable doubt that he committed the theft and burglary. Appellant contends that there was no physical evidence to link him to the crime, and that indeed the only evidence against him were the multiple statements he made to the police, which he now contends were untrustworthy. When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all

reasonable and legitimate inferences that may be drawn therefrom." Id. (*citing* State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Mathews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Id. at 779. Finally, the Tennessee Rules of Appellate Procedure, Rule 13(e) provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." *See also* State v. Mathews, 805 S.W.2d at 780.

In the matter sub judice, statements by Appellant confessing to the commission of these crimes were introduced at trial. The corpus delicti of the crime was more than amply established independently of Appellant's confession. *See*, State v. Ervin, 731 S.W.2d 70, 72 (Tenn. Crim. App. 1987). The weight and credibility of the evidence presented are matters entrusted solely to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978). This Court may not reweigh evidence. Because sufficient evidence was presented at trial upon which a rational jury could determine that Appellant committed the crimes, this issue is without merit.

## II. JURY CHARGE

The State filed a notice that it would at sentencing seek to have Appellant declared a career offender. Appellant agreed that he was a career offender. Appellant argues that the trial court erred in refusing to instruct the jury that Appellant would have to serve as a career offender if convicted of the charges against him. Appellant requested the instruction under Tennessee Code Annotated § 40-35-201, but upon the trial court's ruling that, if the court instructed the jury as to punishment, the court would use the entire spectrum of punishment from mitigated offenders to career offenders, Appellant withdrew the motion requesting the jury instruction.

In State v. Cook, the State failed to notify the defendant of intent to seek enhanced punishment. The defendant filed a motion to strike the notice, which was granted. The State then appealed the application of Range I punishment to the defendant. The Court of Criminal Appeals reversed the trial court's sentence and ordered resentencing under Range II. By statute the defendant if convicted of the aggravated rape and aggravated sexual battery charges against him, was considered an automatic Range II offender. The defendant then appealed, arguing that he had a statutory right to a jury instruction regarding the actual range of punishment to which he was subject. The State argued that the defendant had waived that right by filing the motion to strike. In upholding the defendant's right to the requested Range II jury instruction, the Supreme Court of Tennessee held that "whatever rights or benefits the Legislature had in mind for the defendant when it passed T[ennessee] C[ode] A[nnotated] § 40-35-201(b) would be lost if the defendant were to be sentenced to punishments greater than

what the jury finding guilt was instructed would be imposed." State v. Cook, 816 S.W.2d 322 (Tenn. 1991). The Court went on to hold that "where a defendant wants his trial jury to know the range of possible punishments resulting from convictions that he is entitled to have that information conveyed to the jury. To deny... that statutory right constitutes prejudice to the judicial process, rendering the error reversible under Rule 36(b)T[ennessee] R[ules] A[ppellate] P[rocedure]." State v. Cook, 816 S.W.2d at 327. The situation in the instant case is somewhat analogous, however important distinctions in this case and Cook warrant a different result in the case sub judice. Unlike Cook the Appellant in the instant case was not subject to the increased punishment as a matter of law. Rather, a finding would have to be made at the sentencing hearing that he was, in fact, a career offender. Although the Appellant offered to stipulate he was a career offender, no such stipulation was ever actually entered, and Appellant never agreed to forever forego any contention that he was not a career offender. Finally, Appellant actually withdrew his request that the jury be instructed that he was a career offender.[1] Under these circumstances we cannot say it was error for the trial court to refuse to instruct the jury only as to punishment for career offenders convicted of aggravated burglary and theft of property valued over $1,000.

### III. CONSECUTIVE SENTENCING

Under Tennessee law, "[w]hen reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court

---

[1]We need not address the issue of the correctness of the trial court's decision had Appellant not withdrawn his requested instruction and had a valid stipulation as to Appellant's actual sentencing range been entered along with a valid waiver of any future contention that Appellant was not in the category to which he stipulated. That case is not presented by this record.

shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the appellant's statements, the nature and character of the offense, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id.

Consecutive sentencing is governed by Tennessee Code Annotated § 40-35-115. The trial court has the discretion to order consecutive sentencing if it finds that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Further, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In the instant case the trial court found that Appellant is a "professional criminal" defined at Tennessee Code Annotated § 40-35-115(b)(1) as one ". . . who has knowingly devoted [his/her] life to criminal acts as a major source of

livelihood. . ." The Court also noted that past efforts at both incarceration and non-incarcerative sentences had failed to deter Appellant from continued criminal acts. Indeed, the record reflects Appellant was on parole at the time the instant offenses were committed. The record also reflects a criminal record of over twenty convictions for burglary and theft convictions over a four year period. Clearly, the record demonstrates Appellant is a professional burglar from whom the public needs protection. Consecutive sentences are amply warranted in this case.

      Accordingly the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE