# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1999

FILED

April 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9804-CR-00133** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **HAMILTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. DOUGLAS A. MEYER** |
| **MITCHELL EDWARD MINGIE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - DUI - Revoked** |
| | ) | **License)** |

FOR THE APPELLANT:

CONRAD FINNELL
P. O. Box 1476
Cleveland, TN 37364-1476

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

BILL COX
District Attorney General

PARKE MASTERSON
Assistant District Attorney
City and County Courts Building
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Mitchell Edward Mingie, was convicted by a Hamilton County jury of one (1) count of driving under the influence of an intoxicant, fifth offense. He also pled guilty to one (1) count of driving on a revoked license. The trial court sentenced Appellant to concurrent terms of six (6) months for driving on a revoked license and eleven (11) months and twenty-nine (29) days for driving under the influence.[1] On appeal, Appellant claims that the evidence was insufficient to sustain the jury's verdict for driving under the influence. After a thorough review of the record before this Court, we affirm the trial court's judgment.

I

Officer Ragan McDevitt with the Hamilton County Sheriff's Department testified as follows. At approximately 9:30 p.m. on June 22, 1996, he was dispatched to the scene of a single motor vehicle accident in Hamilton County, Tennessee. When McDevitt arrived, other emergency personnel were present, and Appellant, his wife, and his fifteen (15) year old niece, Jessica Long, were standing outside of the vehicle. When McDevitt inquired as to how the accident occurred, Appellant informed the officer that he had lost control of the vehicle

---

[1] The trial court also revoked Appellant's driving privileges for three (3) years and imposed a fine of $1,110 for driving under the influence and $50 for driving on a revoked license.

while maneuvering a curve and traveling down a hill. Appellant advised the officer that he had been driving the vehicle and did not have his driver's license.

The vehicle involved in the accident was a Toyota pickup with a bench seat. When McDevitt questioned the passengers as to their relative positions in the truck when the accident occurred, Cheryl Mingie, Appellant's wife, advised the officer that she had been sitting in the middle of the seat. Jessica stated that she was sitting next to the passenger door.

While investigating the accident, the officer noticed that Appellant was having difficulty keeping his balance. McDevitt observed that Appellant had bloodshot eyes and smelled of alcohol. Further, McDevitt noticed that Appellant's speech was slow and he was unstable on his feet. Officer McDevitt arrested Appellant for driving under the influence of an intoxicant and, while escorting Appellant to the police car, had to "hold on to him to keep him from falling."

Subsequently, Appellant signed an implied consent form and acquiesced in a breathalyser test. Appellant's blood alcohol content was found to be 0.17.

At trial, Jessica Long testified on behalf of the defense. She stated that Cheryl Mingie, not Appellant, had been driving the vehicle at the time of the accident. Jessica testified that, when Officer McDevitt inquired as to who was the driver of the vehicle, Appellant responded, "If I tell you I was driving this truck, will you let the ladies go?" On cross-examination, however, Long acknowledged that she failed to advise anyone that Cheryl Mingie was the driver of the vehicle until the day of trial, which was approximately eighteen (18) months after the date of the incident.

The jury found Appellant guilty of driving under the influence of an intoxicant. The parties submitted the issue whether Appellant was guilty of a fifth

offense to the trial court. The trial court found Appellant to be a fifth offender of driving under the influence. Appellant also pled guilty to driving on a revoked license.[2] From his conviction of driving under the influence, Appellant brings this appeal.

## II

In his sole issue on appeal, Appellant challenges the sufficiency of the convicting evidence. Specifically, he claims that he cannot be convicted solely on the basis of his uncorroborated extra-judicial confession. He further argues that because Jessica Long was present at the time of the accident, her testimony is more reliable than that of Officer McDevitt. Therefore, he contends that the jury should have afforded Long's testimony greater weight than McDevitt's.

### A.

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.

---

[2] Because the only issue at trial was whether Appellant was driving the vehicle at the time of the accident, Appellant agreed to plead guilty to driving on a revoked license if the jury found him guilty of driving under the influence.

1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d at 476.

**B.**

Appellant maintains that the state did not present sufficient evidence to corroborate his confession that he was the driver of the vehicle. It is well established that the *corpus delicti* of a crime may not be proven by a defendant's extra-judicial confession alone. Ashby v. State, 124 Tenn. 684, 139 S.W. 872, 875 (1911). To establish the *corpus delicti* of a crime, the state must prove two elements: (1) "[t]hat a certain result has been produced," and (2) "[t]hat the result was created through criminal agency." State v. Ervin, 731 S.W.2d 70, 71-72 (Tenn. Crim. App. 1986). The elements of *corpus delicti* may be proven by circumstantial evidence. Id. at 72.

In the case *sub judice*, Appellant informed the officer that he was the driver of the vehicle when the accident occurred. This inculpatory statement was corroborated when the other passengers of the vehicle informed Officer McDevitt that Appellant's wife was sitting in the middle of the seat, and Jessica was by the passenger door. Neither Mrs. Mingie nor Jessica contradicted Appellant's statement that he was the driver of the vehicle. Officer McDevitt testified at trial that he received "no indication" from the passengers that Appellant was not the driver of the vehicle.

The question whether the state has sufficiently proven the *corpus delicti* is a question for the jury. Ervin, 731 S.W.2d at 71. Furthermore, "[o]nly slight evidence of the *corpus delicti* is necessary to corroborate a confession and thus sustain a conviction." Id. at 72. We conclude that the state presented sufficient corroborative evidence to support Appellant's conviction.

This issue is without merit.

## C.

Appellant further asserts that because Jessica was an eyewitness to the incident, her testimony deserves greater weight than that of Officer McDevitt. However, it is beyond dispute that questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the jury as the trier of fact. State v. Tuttle, 914 S.W.2d at 932. The jury was able to observe the demeanor of both witnesses and assess their credibility accordingly. Clearly, the jury discredited Long's testimony. This Court is not at liberty to overturn the jury's determination.

This issue has no merit.

**III**

We conclude that the evidence is sufficient to support Appellant's conviction for driving under the influence of an intoxicant. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
L. TERRY LAFFERTY, SPECIAL JUDGE