# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION

FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-01260-CCA-R3-CD |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Honorable Joseph B. Dailey, Judge |
| **ROBERT E. PUGH,** | * | (Aggravated Robbery) |
| Appellant. | * | |

FOR THE APPELLANT:

A. C. WHARTON, JR.
District Public Defender

W. MARK WARD
and
MICHAEL JOHNSON
Assistant Public Defenders
201 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 38103

WILLIAM L. GIBBONS
District Attorney General

AMY P. WEIRICH
Assistant District Attorney
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Robert E. Pugh, appeals from his Shelby County jury verdict of aggravated robbery. He was sentenced as a Range I offender to twelve years in the Department of Correction. Now on appeal, the defendant asserts as his sole issue the sufficiency of evidence. After careful review, we AFFIRM the judgment from the trial court.

## BACKGROUND

On April 26, 1996, Joseph Oliver, a co-manager at a Wendy's restaurant on 1593 Union Avenue in Memphis, Tennessee, was robbed at gunpoint. He testified that he left the restaurant for the First American Bank on Union Avenue at approximately 3:30 to 4:30 p.m. to get coins for the restaurant. When he left the bank, he noticed that a car was following him. The car followed him to the Wendy's and pulled behind him. Oliver testified that the car could have been a Chevrolet Malibu and thought that the vehicle was maroon or a similar color. The vehicle approached him as he left his vehicle. An individual leapt from the car with a revolver and demanded money. He threw the money on the ground and the individual took it.

At trial, Oliver testified that on the day of the robbery he identified the defendant from a lineup. Further, he identified the defendant in court the day of the trial. He also identified a gun introduced in evidence as being similar, if not the same, gun used against him in the holdup. Finally, Oliver testified that, after the robbery, he entered the restaurant and activated the holdup alarm to which police vehicles responded.

Mark Rewalt, of the Memphis Police Department Crime Scene Unit, testified that he examined a Chrysler, the car the defendant abandoned after police pursuit, on April 26, 1996, for fingerprints. He testified that he obtained two latent prints, one from the driver's side door and one from the back driver's side door, and preserved those prints on the appropriate card medium. He identified those latent prints for the jury.

Cham Payne, an officer of the Memphis Police Department Crime Scene Unit, testified that he located and preserved latent prints from the hood of the vehicle, a Chrysler LeBaron. He also obtained a latent print from an empty beer bottle found in the floorboard of that vehicle. Again, Officer Payne identified the cards containing those latent prints in court.

Jerry Sims, a latent fingerprint examiner for the Memphis Police Department, identified these four prints as belonging to the defendant.

Lieutenant Hollis W. Hightower, an investigator on the robbery squad the day of the robbery, stated that he interviewed the defendant and, after advising him of his rights, took a statement from the defendant in which he admitted to committing the robbery. The defendant stated that the car used in the robbery was his brown 1981 Chrysler LeBaron. Further, the defendant explained, on the day of the robbery, he located Dwayne Jones on the streets of Memphis and at that point, the two agreed to commit a robbery.[1] The defendant stated that he used a .32 caliber revolver, purchased on the street, to rob Oliver at the Wendy's. He testified that approximately ten minutes after the robbery he and Dwayne Jones were pursued

---

[1] Dwayne Jones was arrested on the day of the robbery in the Chryslar Lebaron described above.

in the Chrysler by the police.  When stopped, he leapt from the car and escaped. Later that same day, he was arrested and identified as the robber.

**ANALYSIS**

The defendant's only presented issue asserts that insufficient evidence supports the verdict against him.  The defendant was convicted of aggravated robbery. The relevant statues, Tenn. Code Ann. § 39-13-401(a) and § 39-13-402(1) read:

> **Robbery**. --
>     (a) Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear.
>
> **Aggravated Robbery**. --
>     (a) Aggravated robbery is robbery as defined in § 39-13-401:
>         (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. . .

Although the defendant suggests that this Court reweigh and reevaluate the evidence, our standard of review on sufficiency claims is well-established. When a defendant challenges the sufficiency of evidence on a jury verdict, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court.  See State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).  Nor may this Court reweigh or re-evaluate the evidence. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  On appeal, the state is entitled to the strongest legitimate view of the evidence and all

inferences therefrom. Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

This Court must now determine if sufficient evidence supports this conviction under the pertinent statutes. At trial, the state entered the defendant's signed statement, in which he described the robbery, a description consistent with the victim's description. This inculpatory statement is a confession. See Helton v. State, 547 S.W.2d 564, 567 (Tenn. 1997) (A confession is a statement by an accused admitting that he engaged in conduct constituting a crime.).

The *corpus delicti* of a crime may not be established by a confession alone. See Ashby v. State, 124 Tenn. 684, 139 S.W. 872 (1911). The *corpus delicti* of a crime requires that the state prove two elements: (1) that a certain result has been produced, and (2) that the result was created through criminal agency. See State v. Ervin, 731 S.W.2d 70, 71-72 (Tenn. Crim. App. 1986). The elements of *corpus delicti* may be established by circumstantial evidence. Id. at 72. Furthermore, the question of whether the state has sufficiently proven the *corpus delicti* is a question for the jury. Id. at 71. "Only slight evidence of the *corpus delicti* is necessary to corroborate a confession and thus sustain a conviction." See Ervin, 731 S.W.2d at 72 (emphasis added). See Taylor v. State, 479 S.W.2d 659, 661 (Tenn. Crim. App. 1972).

Having reviewed the record and the evidence presented to the jury in this case, we disagree with the defendant's proposition that insufficient evidence exists. Instead, we conclude that a rational trier of fact considering the evidence, including,

but not limited to, the defendant's confession, could have concluded beyond a reasonable doubt that the defendant committed aggravated robbery. Besides the confession:

(1) The defendant was identified from a lineup as the robber;
(2) The defendant was identified at the trial;
(3) The revolver recovered from the defendant was described as being similiar to the weapon used in the robbery; and
(4) The defendant's fingerprints were recovered from a vehicle similar in description to the robbery vehicle and connected to the robbery.

From all this, we find sufficient evidence to support the jury verdict.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
ALAN E. GLENN, Judge
\_\_\_\_\_