IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

**STATE OF TENNESSEE v. ANTHONY D. BYNUM**

**Appeal from the Circuit Court for Weakley County**
**No. CR73-2000     William B. Acree, Judge**

---

**No.  W2001-00111-CCA-R3-CD - Filed December 31, 2001**

---

The defendant, Anthony D. Bynum, was convicted of possession of anhydrous ammonia, a Class E felony.  The trial court sentenced the defendant to three years, one year to be served in the Weakley County Jail and the balance to be served on probation.  The defendant was fined $1,000.00.  In this appeal of right, the defendant asserts that the evidence was insufficient to support his conviction and that his sentence was excessive. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the  Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Joseph P. Atnip, District Public Defender (at trial and on appeal); Kevin McAlpin, Assistant District Public Defender (at trial and on appeal); and Clifford K. McGown, Jr., Waverly, Tennessee (on appeal), for the appellant, Anthony D. Bynum.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, Jr., Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 21, 2001, Deputy Bret Davis of the Weakley County Sheriff's Department arrived at the defendant's residence to serve an arrest warrant for failure to pay child support.  Deputy Davis was able to see the defendant, but the defendant refused to open the door.   Deputy Davis called for backup and within minutes, Deputy Steve Todd arrived to assist.  Deputies Randall McGowan and Stacy Bostwick arrived at the residence a short time later.  The officers positioned themselves outside while Deputy Todd talked to the defendant through the front door.

While standing next to a truck parked in front of the defendant's residence, Deputy McGowan smelled what he believed to be anhydrous ammonia.  The smell originated in a small tool box on the front seat of the truck.  Deputies McGowan and Bostwick opened the box and found an

igloo thermos. Deputy Bostwick opened the container and poured what he believed to be anhydrous ammonia on the ground. Deputy McGowan had participated in the discovery and destruction of over twenty-five methamphetamine labs in Weakley County and was aware that anhydrous ammonia is used in the manufacture of methamphetamine. It was Deputy McGowan's opinion that the liquid, no part of which remained for laboratory testing, was anhydrous ammonia.

Deputy Bostwick, who had been trained in detection and destruction of clandestine methamphetamine labs by the Drug Enforcement Administration, testified that anhydrous ammonia is used as a precursor in the "Nazi Lab" method of manufacturing methamphetamine. He described the "Nazi Lab" method as the most common method being used in Weakley County at the time of the offense. It was his opinion that the liquid was anhydrous ammonia.

Deputy Steve Todd testified that when he convinced the defendant to come outside, he informed the defendant that the other officers had found anhydrous ammonia in his truck. At that point, the defendant admitted to Deputy Todd that the anhydrous ammonia was his but denied any involvement in the manufacture of methamphetamine. The defendant later told Deputy Bostwick that he had stolen the anhydrous ammonia to sell to others who were manufacturing methamphetamine. The officers searched the defendant's residence but found no evidence of the manufacture of methamphetamine.

Initially, the defendant asserts that the evidence is insufficient to support his conviction. On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Williams, 657 S.W.2d at 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

The defendant was charged with violating Tennessee Code Annotated section 39-17-433(a) which provides:

It is an offense for a person to possess, whether acquired through theft or other means, anhydrous ammonia, as defined in § 43-11-303(a), with the intent to:
(1) Use such anhydrous ammonia in the manufacture of a controlled substance; or

-2-

(2) Knowingly convey such anhydrous ammonia to another for use in the manufacture of a controlled substance.

Tenn. Code Ann. § 39-17-433(a) (Supp. 2000).

The defendant argues that the evidence was insufficient to support his conviction because the state failed to prove beyond a reasonable doubt that the substance discovered at his residence was anhydrous ammonia. He asserts that, because the definition of anhydrous ammonia is chemically specific, laboratory tests were required to prove the that the requisite level of nitrogen was present. We disagree.

Here, Deputies McGowan and Bostwick both testified that they identified the substance as anhydrous ammonia. They also testified that they had substantial training and experience in detecting and destroying methamphetamine labs and that anhydrous ammonia is utilized in the most common method of methamphetamine manufacture. The deputies stated that because of their training and experience, they were familiar with the smell of anhydrous ammonia. While the olfactory observations of the officers may not be enough, standing alone, to convict him under the statute, the defendant confessed to Deputy Bostwick that the substance was indeed anhydrous ammonia. Moreover, he admitted that he intended to sell the substance to others for the purpose of manufacturing methamphetamine. Only slight evidence of the corpus delicti, i.e. that the substance was indeed anhydrous ammonia, is necessary to corroborate a confession and thus sustain a conviction. State v. Ervin, 731 S.W.2d 70, 71 (Tenn. Crim. App. 1987). Here, the testimony of the officers was sufficient corroboration. Under the circumstances, a rational trier of fact could have found the essential elements of the crime. Thus, the evidence was legally sufficient to support the conviction. See Jackson v. Virginia, 443 U.S. 307 (1979).

The defendant next contends that his sentence was excessive because the trial court ordered one year in the Weakley County Jail rather than requiring the entire sentence to be served in the Department of Correction. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the

defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The defendant concedes that the trial court complied with the requirements of the Sentencing Act and considered the appropriate factors in determining the defendant's sentence. As a Range II multiple offender convicted of a Class E felony, the defendant faced between two and four years of incarceration. The trial court properly determined that two enhancement factors applied: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and (2) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community and enhanced the sentence to three years. See Tenn. Code Ann. § 40-35-114(1), (8). The trial court also determined that no mitigating factors applied. The trial court imposed a sentence of split confinement and ordered the defendant to serve one year in jail with the balance on probation.

A sentence of split confinement involves the grant of probation after the partial service of a sentence. Tenn. Code Ann. § 40-35-306(a). Such a sentence may include a jail or workhouse sentence of up to one year with the probationary term to extend for any period thereafter up to the statutory maximum for the offense. Id. Tennessee Code Annotated section 40-35-314(a) provides that when a defendant's sentence is eight years or less and combined with a sentence of split confinement of up to one year, "the court shall designate the place of confinement as a local jail or workhouse." The defendant's sentence fits squarely within this statute; thus, the trial court did not err by ordering him to serve one year in jail.

In our view, the sentence imposed by the trial court does not circumvent the defendant's release eligibility date as contemplated by Tennessee Code Annotated § 40-35-501(d). See State v. Jeffery T. Cox, No. M1999-01429-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 7, 2000) (noting that a sentence of split confinement may not be used to circumvent a defendant's release eligibility date). By our calculations, had the defendant been ordered to serve his sentence in the penitentiary, he would be eligible for release after serving 35%, or 383 days, several days in excess of one year. Because the defendant is to be confined in the local jail, the trial court retains full jurisdiction over the manner of service of his sentence. Tenn. Code Ann. § 40-35-212(c); see Tenn. R. Crim. P. 35, Committee Comment. During his jail term, the defendant may apply to the trial court to serve the balance of his sentence on probation. Tenn. Code Ann. § 40-35-306(c).

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE