RICKETTS *v*. STATE.

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

C. L. Boyd, of Waynesboro, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Ricketts appeals from a conviction of arson, with punishment fixed at confinement in the penitentiary for not more than five years.

On July 4, 1950, the dwelling house of Mrs. Lena Gray burned. That morning Mrs. Gray and her children got up rather early and made a fire in the cook stove and prepared breakfast, then after eating breakfast the stove was securely closed and she and her children waited around the house some two or three hours until they were picked up to be taken away from home for the day on a visit. The only fire in the house was in this kitchen stove. This range had a brick flue and the flue had never given any trouble. The stove was relatively new and the house was not wired for electricity. When Mrs. Gray and her children left the house that morning at about 9:00 o'clock apparently the fire in the stove had gone out. Mrs. Gray testifies that the day before she had gotten a two gallon can of kerosene and had left this on the back porch and near this can of kerosene

was a milk bucket. When Mrs. Gray returned in the evening of July 4th at about 6:00 o'clock the house had practically burned down, it had already fallen in all except the front porch.

About two years before the date of this fire there had been some ill feeling between Mrs. Gray's family and that of the plaintiff in error who lived nearby, because of some trespassing live stock, but apparently these differences had been patched up and the families were on good terms at the time of the fire. The day following the fire a deputy sheriff saw a man's tracks in some cultivated ground some distance away from Mrs. Gray's house. These tracks led from the general direction of the burned house to the road going to the home of the plaintiff in error. It is not shown that these tracks were those of the plaintiff in error. The day following the fire the plaintiff in error left his home and went to visit an uncle in the State of Alabama. When suspicion had been cast around him and he was required to come back to Tennessee he waived extradition and came back voluntarily. On his way back he made certain statements and confessed to the burning of the dwelling house of Mrs. Gray. The plaintiff in error very readily admitted that he set fire to the house and a few days later he signed a written statement in the presence of two deputy fire marshals and the sheriff. In this statement the plaintiff in error stated that on July 4th, he had worked at the home of one Luther Ray; that he left Ray's house around 3:30 or 4:00 o'clock in the afternoon and came through the field to Mrs. Gray's house; that he found the coal oil in the can on the back porch and poured it into the milk bucket which was nearby, poured this oil through the house and on the

porch and into the yard; that he then struck a match to the oil in the house and on out into the yard and that as a result of this the house burned. The only reason the plaintiff in error could give for these acts was that he was drunk. In addition to this written confession the plaintiff in error narrated substantially the same facts to other officers on a different occasion. These officers testified as to this narration to them by the plaintiff in error.

There are several assignments but these in the main go to the proposition that the State failed to prove the corpus delicti, independently of the confession of the plaintiff in error. It is a well settled doctrine that, before there can be a lawful conviction of arson, the corpus delicti—that is, the fact that the burning of the building was effected by some criminal agency—must be established by independent evidence aliunde of the confession.

██ ██ No universal and invariable rule can be laid down as to what would amount to proof of corpus delicti. Each case depends upon its own peculiar circumstance. But in every case of arson two fundamental facts must appear:—first, a burning; and second, some criminal agency which caused the burning. In other words, the corpus delicti in a case of arson is not merely the burning of the house in question, but that it was burned by the wilful act of some person, and not as a result of natural or accidental cause; for if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was a result of accident or some providential cause.

██ The confession of one that he burned the building alone will not authorize a conviction. This confession

must be corroborated by evidence which, independently of the confession, tends to establish the corpus delicti.

In our case of *Ashby* v. *State*, 124 Tenn. 684, at page 697, 139 S. W. 872, 875, this Court announced the rule on the subject of establishing the corpus delicti in a criminal case. This rule is applicable to a case of arson. The rule as announced by this Court in the Ashby case is: ''The rule upon this subject, as announced by the later authorities, and the great weight of authority, is that, while the corpus delicti cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all of the evidence so considered together the corpus delicti and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict.''

■ In the instant case the proof (in narrative form in this bill of exceptions) shows that the house that was burned belonged to a Mrs. Gray and that she and her family were away from home when the fire started; that there had been only one fire in the house in the early morning in a cook stove and that this stove was in good order and that there was no fire burning in this stove or in the house when the family left home in the morning; that the fire was discovered by Mrs. Gray and the house practically destroyed when she returned home at 6:00 o'clock that evening; that the house was not wired for electricity, thereby eliminating any accidental cause from this reason; that the stove and flue were in good condition and in no wise defective; that tracks were found in a cultivated field going from the burned house toward the road leading to the home of

the plaintiff in error; that the plaintiff in error independently of his written confession made statements to the sheriff and deputy fire marshals that he had come down the road by this house on the afternoon shortly before the fire and then after the fire had gone across this cultivated field to his house. The confession and probably statements made independently of the confession show that the plaintiff in error had taken this can of kerosene which Mrs. Gray had testified about and the milk bucket which she had also testified about, poured the kerosene into the milk bucket and poured it through the house. These containers were found after the fire and introduced in evidence.

It seems to us that from these various things, above indicated, aside from the confession, that there is sufficient corroborating evidence to connect the plaintiff in error with this fire. The evidence plainly negatives any accidental or providential cause of the fire and leaves only one inference that the jury could draw that the fire was set by someone. It seems that the jury had the right to infer from these things, from the fleeing from this State to the State of Alabama by the plaintiff in error, the fact that the tracks crossed the field in that way, and that he had made statements of what he did, were sufficient to corroborate the written confession.

 It seems to us that when there is a written confession that the corroborative evidence of this confession as to the incendiary origin of the fire need not be as convincing as the evidence necessary to establish a corpus delicti in the absence of any confession. This evidence is sufficient if of itself it tends to connect the defendant with the commission of the offense, although the evidence is slight, and entitled, when standing by

itself, to but little consideration. Thus when we have a verdict even though founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence.

It is next insisted that the trial court erred in not giving certain special requests offered by the plaintiff in error as to the proof necessary to establish corpus delicti, etc. We have carefully examined these special requests and think that they do state a sound proposition of law but we have likewise read the charge of the court which is affixed to the bill of exceptions and find that the charge thus given amply and sufficiently covers the special requests asked. The charge thus given fully and accurately states the law as it is. The charge though as affixed to the bill of exceptions was not properly identified over the signature of the trial judge and for this reason it cannot and should not be considered by this Court. *Battier* v. *State*, 114 Tenn. 563, 86 S. W. 711.

We have carefully considered this matter and the excellent briefs therein and have made an independent investigation on the matter and are satisfied that the conviction herein was proper and is without reversible error. For these reasons the judgment below must be affirmed with costs.

All concur.