IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 12, 2006

## STATE OF TENNESSEE v. JERRY BELL

**Appeal from the Criminal Court for Shelby County**
**No. 01-11785,6,7,8,9     Paula Skahan, Judge**

_____

**No. W2005-02812-CCA-R3-CD  - Filed October 9, 2006**

_____

Following a jury trial, the Defendant, Jerry Bell, was convicted of two counts of aggravated robbery, one count of aggravated burglary, one count of aggravated assault, and one count of possession of a deadly weapon with the intent to employ it in the commission of aggravated robbery.  On appeal, the Defendant argues that the evidence was insufficient to support his convictions because the State failed to prove his identity beyond a reasonable doubt.  We conclude that the evidence is sufficient to support his convictions but that the convictions for both aggravated robbery and possession of a deadly weapon violate double jeopardy protections.  The Defendant's conviction for possession of a deadly weapon is dismissed.  The Defendant's remaining convictions and sentences are affirmed. We remand solely for the entry of an appropriate judgment consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part;**
**Reversed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Robert Wilson Jones, Shelby County Public Defender; and Garland Ergüden, Assistant Public Defender, for the appellant, Jerry Bell.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Ray Lepone, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

The Defendant gave a signed, written confession to the Memphis Police Department indicating that he robbed the Housholder family at gunpoint on the morning of May 14, 2001. After being advised of his <u>Miranda</u> rights, the Defendant provided Officer Mark Miller of the Memphis Police Department with the following description of the crime:

Q: Did you participate in the robbery of the [sic] Jon Housholder, which occurred at 2345 Syon, on May 14, 2001 at or about 7:00am?
A: Yes.

Q: Were you armed with a weapon?
A: Yes, 45.

Q: Was anyone else involved in this robbery?
A: Sterling dropped me off at the front of the cove.

Q: Was a vehicle used during this robbery?
A: We were in Sterling's mom's intrepid, it's black.

Q: What did you get as a result of this robbery?
A: About $12.00.

Q: Describe to us in detail the events surrounding this robbery?
A: I saw him outside by the trashcan, and we turned around and I got out of the car at the corner. I walked down to the house, I walked up behind him, and pulled the gun and told him to go into the house. We went into the house and I asked him who else was there. Then he told me his wife was in the house and that was all he said. I searched the house and asked them if they had any money. He tried to grab the gun and I hit him with it. His wife tried to grab the gun while I tied him to the a chair. I tied him up with the phone cord. Then I was going toward the stairs and I went to grab her and the lady ran out the door. That's when I ran after her. When I was running I had my hand on the trigger and the gun went off and I shot the ground. I ran past the people and went around the corner and got back in the car with Sterling.

Q: Were you wearing a mask?
A: Yes, a blue ski mask.

The victims— Mr. and Mrs. Housholder and their neighbor Debbie Isom— provided a virtually identical description of the events during their trial testimony. Mr. Housholder stated that a masked man approached him at gun point as he was taking out the trash at approximately 6:30 in the morning on May 14, 2001. He stated that the masked man ordered him into his home and that he obeyed. The Housholders testified that, while inside the home, the Defendant demanded money, guns, and jewelry and searched their home for any valuables. The Housholders testified that the Defendant was cautious not to leave fingerprints and that he only touched items with a towel or his feet. The Housholders testified that, during this intrusion, the Defendant hit Mr. Housholder multiple times in the head with the gun. The Housholders further testified that the robber took Mr. Housholder's watch and about twenty dollars from Mr. Housholder's billfold. The robber took Mrs. Housholder's wedding ring. The Housholders stated that the Defendant tied Mr. Housholder to a chair with a telephone cord and then hit Mr. Housholder over the head with such force as to knock him unconscious. Mrs. Housholder testified that, at about that time, the victims' daughter, Paige, who had been hiding upstairs in her bedroom, yelled downstairs to her father. Mrs. Housholder stated that, when she realized the Defendant heard her daughter, she fled the house. Mrs. Housholder testified that the Defendant chased her outside of the home and that her neighbor, Mrs. Isom, saw a masked man chasing her. Mrs. Isom testified that, when she called out to the Defendant, he raised his gun and shot at her. Mrs. Isom testified that the Defendant then quickly walked down the road out of sight. Although the victims did not see the Defendant get into a vehicle, Mr. Gale Isom did see an unfamiliar black sports car with a driver waiting inside and parked on the street in the general area where the Defendant fled.

The Memphis Police Department officers involved in the investigation, arrest, and questioning of the Defendant also provided information similar to the events described in the Defendant's confession. Officer Troy Berry, a crime scene investigator, testified that he recovered a .45 caliber shell casing outside the Housholder residence. Officer Berry also testified that he saw and photographed the telephone cord that both the Defendant and the Housholders stated was used to tie up Mr. Housholder. Officer Berry further testified that the Housholders' residence appeared to have been ransacked, and his investigation photos show items in disarray in the home. Finally, Officer Berry testified that he was unable to find any fingerprints in the Housholder home to link the Defendant to the crime scene.

Officer Mark Miller of the Memphis Police Department was involved in the Defendant's apprehension and arrest. By tracking a cell phone number, the police were able to locate the Defendant in a residence. When the police entered the residence, they found the Defendant hiding in a closet. The police also discovered Sterling Bennett at the same residence and recovered a .45 caliber weapon. Officer Miller testified that the attempts to match the .45 caliber shell casing found outside the Housholder residence to this .45 caliber weapon were inconclusive. Upon arriving at the police station, Officer Miller obtained the Defendant's aforementioned written confession to the home invasion at the Housholder residence.

**Procedural Background**

The Defendant was indicted by a Shelby Country grand jury on two counts of aggravated robbery, one count of aggravated burglary, one count of aggravated assault, and one count of possession of a deadly weapon with the intent to employ it in the commission of aggravated robbery. A jury convicted the Defendant on all counts. The court imposed concurrent sentences of twelve years for one of the aggravated robberies, five years for aggravated burglary, four years for aggravated assault, and two years for possession of a deadly weapon. The court further imposed a consecutive sentence of eleven years for the other aggravated robbery. The Defendant filed a motion for a new trial, which was denied by the trial court. The Defendant now appeals as of right.

## I. SUFFICIENCY OF THE EVIDENCE

The Defendant's sole issue on appeal is whether the evidence was sufficient to support his identification as the perpetrator of these offenses. We conclude that the evidence was sufficient for a jury to find the Defendant guilty beyond a reasonable doubt of two counts of aggravated robbery, one count of aggravated burglary, one count of aggravated assault, and one count of possession of a deadly weapon with the intent to employ it in the commission of aggravated robbery.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. SeeEvans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

It is well-established that a confession alone is not sufficient to support a conviction for any criminal offense. Ashby v. State, 139 S.W.872, 875 (Tenn. 1911); see also State v. Smith, 24 S.W.

3d 274, 281 (Tenn. 2000). To sustain a verdict beyond a reasonable doubt, the State must corroborate the corpus delicti of the crime by proving "(1) that a certain result has been produced . . . and (2) *some* person is criminally responsible for the act." Wooten v. State, 314 S.W.2d 1, 5 (Tenn. 1958) (emphasis added). If a verdict is "founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence." Ricketts v. State, 241 S.W.2d 604, 606 (Tenn. 1951).

The Defendant asserts that he cannot be identified as the perpetrator of these offenses. Specifically, the Defendant cites four deficiencies in the State's identification proof: (1) the victims' inability to positively identify him; (2) the victims' property was never found in the Defendant's possession; (3) the Defendant's fingerprints were not found at the scene; and (4) the .45 caliber gun recovered when the Defendant was arrested was found in the residence along with his accomplice, Sterling Bennett, and several other men. The State asserts that the Defendant's confession, along with testimony by the victims and police officers, is sufficient for a rational jury to find the Defendant guilty beyond a reasonable doubt. We agree with the State.

In this case, the State presented the Defendant's detailed confession and testimony from the three victims and the three investigating officers. The only issue on appeal is whether the State provided corroborating evidence of the corpus delicti of the crime. A rational jury could certainly find beyond a reasonable doubt that the alleged criminal acts were in fact committed in this case. The testimony of the Housholders and the Isoms shows that a masked man approached Mr. Housholder at gunpoint, ordered him into his home, and demanded valuables. The assailant then fled the residence, fired a gun toward Mrs. Isom, and disappeared toward the direction where a black sports car was seen parked with the driver waiting. The testimony of the police officers shows that a .45 caliber shell casing was found outside the Housholder residence and that a .45 caliber weapon was also found inside the residence where the Defendant was found hiding in a closet. The facts provided by all of the State's witnesses at trial are nearly identical to the Defendant's written confession. Therefore, the State met its burden of corroborating the corpus delicti of the crime. As such, we conclude that a rational jury could find the Defendant guilty beyond a reasonable doubt, and therefore, the evidence is sufficient to support the Defendant's convictions.

## II. Double Jeopardy

Although the Defendant did not contend that his convictions for aggravated robbery and possession of a deadly weapon with the intent to commit a felony violated the double jeopardy provisions of the United States and Tennessee Constitutions, this Court has nonetheless reviewed the issue. We conclude that the conviction for possession of a deadly weapon violates double jeopardy and that the conviction for possession of a deadly weapon must be dismissed.

While appellate review is typically limited to the issues presented by the parties, this Court may consider additional issues that have not been presented for review. Tenn. R. App. P. 13(b); Tenn R. Crim. P. 52(b). This Court may address issues involving constitutional principles as plain error pursuant to these rules. State v. Murray Leonard Haynes, No. 02C01-9404-CC-00069, 1995 WL 3699, at *4 (Tenn. Crim. App., Jackson, Jan. 6, 1995).

To determine whether a Defendant's convictions violate double jeopardy, this Court must apply the test announced in United States v. Blockburger, 284 U.S. 299 (1932); State v. Black, 524 S.W.2d 913 (Tenn. 1975). Under Blockburger, the test to determine if the two offenses are distinct is whether each offense requires proof of a fact that the other does not. Blockburger, 284 U.S. at 304. This Court has already considered whether aggravated robbery and possession of a deadly weapon with the intent to commit a felony are distinct offenses for double jeopardy purposes, and we concluded that they are not:

> It is clear that proof of both elements of the weapons offense does not require proof of any element different from those included in the offense of aggravated robbery where a weapon is used. The two offenses are therefore merged, and the defendant's conviction of unlawful possession of a weapon must be dismissed.

State v. Elton Bowers, No. 02C01-9308-CR-00180, 1994 WL 553368, at *6 (Tenn. Crim. App., Jackson, Oct. 12, 1994).

Therefore, we conclude that the Defendant's conviction in this case for possession of a deadly weapon with the intent to commit a felony violates the double jeopardy provisions of the United States and Tennessee Constitutions.

## CONCLUSION

The Defendant's conviction for unlawful possession of a deadly weapon is reversed and dismissed. The Defendant's convictions and sentences for two counts of aggravated robbery, one count of aggravated burglary, and one count of aggravated assault are affirmed. This case is remanded solely for the entry of an appropriate judgment consistent with this opinion.

_____
DAVID H. WELLES, JUDGE