# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 18, 2007 Session

## STATE OF TENNESSEE v. ALEC JOSEPH MESOT

**Appeal from the Circuit Court for Montgomery County**
**No. 40300726    John H. Gasaway III, Judge**

---

**No. M2006-02599-CCA-R3-CD - Filed March 14, 2008**

---

The Appellant, Alec Joseph Mesot, was convicted by a Montgomery County jury of five counts of rape of a child and one count of sexual exploitation of a minor.  On appeal, Mesot challenges only his convictions for rape of a child, asserting:  (1) that the evidence is insufficient to support the convictions because: (a) the State failed to sufficiently corroborate his confessions in order to independently establish the corpus delicti of the offenses and (b) the State failed to prove the element of penetration; and (2) that the trial court erred by failing to *sua sponte* provide a limiting instruction with regard to the introduction of pornographic images recovered from Mesot's computer.  Following review of the record, we conclude that the State has failed to produce independent evidence to corroborate Mesot's confessions, which alone support the corpus delicti of the crimes of rape of a child.  Accordingly, the evidence is insufficient with regard to those convictions.  As such, the judgment of the trial court is reversed, and the five convictions for rape of a child are dismissed.  Mesot's remaining issues are without merit.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Dismissed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. THOMAS T. WOODALL, J., filed a concurring in part and dissenting in part opinion.

Roger E. Nell, District Public Defender (on appeal); and Collier W. Goodlett, Assistant District Public Defender (at trial), Clarksville, Tennessee, for the Appellant, Alec Joseph Mesot.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and Arthur Bieber, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant, his wife, and their one-year-old daughter, moved to Montgomery County in May 2002.[1] Soon after moving to Clarksville, the Appellant began working as a mechanic at Sears. In December 2002, the Appellant's wife, a soldier in the Tennessee Army National Guard, was called to active duty at Fort Campbell, Kentucky, where she was required to work for extended hours. During this period, the Appellant was left alone with the victim in this case, his nineteen-month-old daughter, approximately twice per week.

In December 2002, the Appellant's wife found sexually explicit images on their personal computer, which was connected to the internet, depicting "adults doing sexual things to children." On April 8, 2003, the Appellant's wife called police, and an investigation ensued. The following day, the Appellant's wife's parents removed the minor victim from the home and returned to Virginia. On April 21, 2003, the Appellant was interviewed by Detective Nichols of the Clarksville Police Department, at which time the Appellant denied any form of sexual contact with the victim. At the suggestion of the Clarksville Police Department, the Appellant and his wife met with FBI agents in Memphis who had agreed to conduct a forensic analysis of the Appellant's computer's hard drive. Prior to the examination, the Appellant informed FBI Agent Stephen Lies that he had "wiped" the images which he had downloaded from the computer's hard drive.

The Appellant signed a written consent to allow agents to search his computer, and the search resulted in agents finding five images in a temporary internet file which depicted child pornography, specifically an adult male engaged in sexual acts with a prepubescent female.[2] The images found were created on May 8, 2003, approximately one month after the police investigation was initiated. No images created prior to May 2003 were found. Additionally, the Appellant gave the following written statement to the agents:

> For almost a year and a half, I have found myself struggling with a curiosity of sexual interaction with children. The first time I encountered the idea of incest was when I was in the military and visited a website called "Incest Taboo.com". Approximately one year ago, I built my computer. I got internet access around December 2002, with Charter Cable Modem Service. I bought a Web Cam around January 2003. I accessed the internet site Incest Taboo.com which had several features to include posting of pictures, web chat, and video. I never posted any pictures of my daughter but saw many pictures and videos on the site that contained sexually explicit images of children. Around three weeks ago, I was lying on the couch and had the computer and web cam connected to the Incest Taboo site. I had accessed the web section of the site and came in contact with . . . @hotmail.com [screen name omitted]. He kept pushing me to do things to her. I didn't want to, but I ended up allowing him to direct me to engage in oral sex with her and also touching her genitals so that he

---

[1] The daughter's date of birth is May 6, 2001.

[2] None of the images depicted were of the victim.

could watch on the web cam. I really struggled with this and did not take any pictures or movies of what happened. . . .

After the interview, the Appellant and his wife returned home to Clarksville. Later that evening, the Appellant admitted to his wife that he had performed oral sex upon the victim once a week since November or December 2002.

Following a call from Agent Lies, Detective Nichols asked the Appellant to return for a follow-up interview for the purpose of ascertaining the specific dates that sexual contact with the victim had occurred. At the follow-up interview, the Appellant gave a written statement admitting that he engaged in oral sex with his daughter, which began "about a week or so after Christmas," and had "engaged in the same activity once a week."

Based upon the Appellant's confessions, a Montgomery County grand jury returned an eleven-count indictment charging the Appellant with five counts of rape of a child, one count of aggravated sexual exploitation of a minor, and five counts of sexual exploitation of a minor. Following a jury trial, the Appellant was convicted of five counts of rape of a child, Class A felonies, and one count of sexual exploitation of a minor, a Class E felony.

**Analysis**

On appeal, the Appellant raises two issues for our review. First, he challenges the sufficiency of the evidence with regard to his five convictions for rape of a child upon two alternative grounds: (a) that the State failed to corroborate his confessions and, thus, failed to independently establish the corpus delicti of the crimes and (b) that the State failed to prove sexual penetration, an essential element of the offense of rape of a child. Second, the Appellant asserts that it was error for the trial court not to *sue sponte* give a limiting instruction to the jury informing them that certain exhibits admitted at trial, specifically the images depicting child pornography, which were found on the Appellant's computer, could only be considered as evidence in his prosecution for sexual exploitation of a minor and could not be considered as evidence with regard to the charges of rape of a child.

## I. Sufficiency of the Evidence

In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the

trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

### a. Corpus Delicti of the Crimes

First, the Appellant asserts that the evidence is insufficient to support his five convictions for rape of a child because the State failed to sufficiently corroborate the Appellant's confessions and no other evidence presented establishes the corpus delicti of the crimes. Conversely, the State contends that the confessions were independently corroborated because, in his confessions, the Appellant admitted that he had an interest in child pornography and child pornography was found on his computer. According to the State's argument, the Appellant's "voluntary admission that he was drawn to sexually explicit pictures of children and was interested in incest along with the series of sexually graphic images found on his computer provide adequate corroboration of his confession that he had sexually abused his infant daughter."

It is a fundamental concept of justice in this state, as well as in all state and federal jurisdictions, that the corpus delicti of the crime may not be established by a confession or an admission of the accused standing alone.[3] *State v. Housler*, 193 S.W.3d 476, 490 (Tenn. 2006); *State v. Smith*, 24 S.W.3d 274, 281 (Tenn. 2000); *Williams v. State*, 80 Tenn. 211, 213-14 (Tenn. 1883). As such, the confessions of the Appellant that he committed rape of a child alone will not authorize a conviction. *See Ricketts v. State*, 241 S.W.2d 604, 605 (Tenn. 1951). These confessions must be corroborated by evidence which, independently of the confessions, tends to establish the corpus delicti, *i.e.*, that unlawful sexual penetration of the victim occurred. *Id*.

> The wisdom of this rule lies in the fact that no man should be convicted of a crime the commission of which he confesses unless the State shows, by other testimony, that the confessed crime was in fact committed by someone. The contrary would authorize a return of conditions that existed in the days of the inquisition.

*East v. State*, 175 S.W.2d 603, 605 (Tex. 1942); *see also State v. Stapleton*, 638 S.W.2d 850, 854 (Tenn. Crim. App. 1982).

The rationale for the requirement that a voluntary confession must be corroborated by independent proof at trial has been expressed as follows:

---

[3]The term corpus delicti refers to the body of the crime and encompasses two elements: (1) a harm which is statutorily proscribed, *e.g.*, murder, theft, or rape; and (2) the unlawfulness of some person's conduct in causing that harm. *See Bolden v. State*, 203 S.W. 755 (Tenn. 1918).

[T]he independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.

*Opper v. United States*, 348 U. S. 84 , 93, 75 S. Ct. 158, 164-65 (1954) (citations omitted); s*ee also Smith v. United States*, 348 U.S. 147, 74 S. Ct. 194 (1954)[4]; *Housler*, 193 S.W.3d at 490 (citing 1 John W. Strong, McCormick on Evidence 556 (4th ed. 1992)). It is acknowledged that the corroboration rule "infringe[s] on the province of the primary finder of facts . . . [and] restrict[s] the power of the jury to convict." *Housler*, 193 S.W.3d at 490. (citing *Smith*, 348 U.S. at 153, 75 S. Ct. at 198-99). Due process is violated when the jury convicts on the basis of a defendant's confession absent corroborating evidence of the corpus delicti. *Id.* (citing *Smith*, 24 S.W.3d at 281).

We would acknowledge that corroboration of the corpus delicti may be established solely by circumstantial evidence and

when there is a written confession [then] the corroborative evidence . . . need not be as convincing as the evidence necessary to establish a corpus delicti in the absence of any confession. This evidence is sufficient if of itself it tends to connect the defendant with the commission of the offense, although the evidence is slight, and entitled, when standing by itself, to but little consideration. Thus when we have a verdict even though founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence.

---

[4]The dissent relies upon *Opper* and *Smith* as authority for establishing the presence of corroborating evidence of the corpus delicti in this case. We conclude, however, that *Opper* and *Smith* are factually distinguishable from the case before us. The facts of *Opper* reveal that independent evidence of the crime was established. In *Opper*, the independent proof introduced established one element of the offense beyond a reasonable doubt, leaving the remaining element of the charged crime to be established by the defendant's admissions. However, in this case, there was no evidence introduced, other than the Appellant's admissions, which independently tended to establish the commission of the crimes charged. In *Smith v. United States*, substantial proof was admitted, beyond the defendant's admissions, which tended to establish the existence of the crime of tax evasion and the defendant's participation in this crime. The government's proof established substantial expenditures, investments, and savings, owned by the defendant, including nine new bank accounts totaling fourteen accounts in twelve banks, brokerage accounts, and investments in realty, during the period in which no taxes were paid or no tax returns were filed by the defendant, which was corroborative of the defendant's guilt. *Id.* at 197-200.

*Housler*, 193 S.W.3d at 490 (citing *Ricketts*, 241 S.W.2d at 606)[5]. Nonetheless, it cannot be ignored that "[a]ll the elements of the offense must be established by independent evidence or corroborated admissions. . . ." *Id*. at 490-91.

In denying the Appellant's motion for judgment of acquittal in this case, the trial court found as follows:

> I understand [the defense] argument is that just because images were discovered on [the Appellant's] computer that are commonly referred to as child pornography, that does not mean that he is guilty of rape of a child. I understand further your concern that a jury when viewing those images might be hard to delineate between the two. I also understand [the State's] argument that discovery by [the Appellant's wife] of the . . . child pornographic images on the computer . . . the denial by [the Appellant] and his later admission to her, and the fact that the photographs were consistent with that portion of his statement where he said he had developed a - - he had been struggling with - - . . . he had interest in child pornography - - or pornographic websites which include child pornography, I just think that that is sufficient amount of evidence, however slight, that goes to the crime - - the alleged crime of . . . rape of a child . . . "

The court's finding that the Appellant's "interest in child pornography" independently corroborates the rape of the victim is misplaced. We know of no authority which holds that all persons who have an interest in child pornography are also child rapists. Thus, the finding that the Appellant had an interest in child pornography neither "tends to establish" nor compels the inference that the Appellant committed the crime of rape of a child. We would note that the trial court, at the close of the proof, observed:

---

[5]We note that the dissent relies upon *Ricketts* and *State v. Ellis*, 89 S.W.3d 584 (Tenn. Crim. App. 2000), as authority for establishing the presence of corroborating evidence in the instant case. However, we conclude that these cases are factually distinguishable in view of the corroborating evidence presented in those cases. In *Ricketts v. State*, the corroborating evidence, outside the defendant's confession, established that a fire occurred and was caused by other than accidental means; "that tracks were found in a cultivated field going from the burned house toward the road leading to the home of the [defendant];" that containers used by the defendant in setting the fire were found at the burned residence; and the time-frame in which the fire occurred was consistent with the defendant's confession.

In *State v. Ellis*, which involved five convictions for sexual offenses, the victim's statement, which was introduced into evidence, established that she had been sexually molested by the defendant and that "it happened more than one time." When the police entered the Appellant's bedroom, he was on the bed "pulling his pants up over his hips." The nine-year-old victim was in the room "wearing a t-shirt but was nude below the waist." The presence of semen and other body fluids were identified on the victim's underwear, which were found in the bedroom. "A DNA analysis of the semen revealed a DNA profile consistent with the Appellant's DNA profile." Vaginal swabs obtained from the victim established the presence of sperm cells. The physical examination revealed tears in the victim's hymen. We would acknowledge that although one of the defendant's convictions was based solely upon the defendant's confession that the crime occurred, indisputable corroborative proof clearly established that the defendant engaged in a pattern of illicit sexual conduct with the victim during a period of time when this crime was committed.

This case is unusual in that there is no medical evidence to substantiate an intrusion; there is [sic] no witnesses to any sexual activity; there is no victim's testimony . . . . So, the entire body of evidence that has been introduced as to the conduct engaged in by the defendant, if any, is from the defendant's own words in the form of admissions against interest that he made to law enforcement officials.

Thus, the court acknowledged that no proof other than the Appellant's confessions established the commission of the crimes. We would agree that the only proof that a crime was committed against the victim derives from the Appellant's confessions. In this case, while there are confessions to a crime, there is no evidence, other than the confessions, that a crime has occurred. We have been unable to find authority from any jurisdiction which holds that multiple confessions or admissions may alone serve as independent corroborating evidence in establishing the corpus delicti. The greater force of logic weighs against this reasoning. Indeed, in *Ashby v. State*, a case in which multiple confessions were given, our supreme court observed that "[t]he rule upon this subject . . . is that, while the corpus delicti cannot be established by <u>confessions</u> alone, yet the <u>confessions</u> may be taken in connection with other evidence, direct or circumstantial, corroborating <u>them</u> . . . ." 139 S.W. 872, 875 (Tenn. 1911) (emphasis added)[6].

For these reasons, we conclude that the State has failed to produce sufficient evidence to support the convictions, as no independent proof of the Appellant's uncorroborated extrajudicial statements was admitted. We would agree that the Appellant's admissions are morally repugnant. Nonetheless, it is because our laws are enacted to be applied with equal force and effect, not only to this Appellant but for all accused, that reversal of the Appellant's convictions for rape of a child is required.

## b. Element of Penetration

The Appellant also challenges the sufficiency of the evidence with regard to his convictions for rape of a child on the ground that the State failed to prove the element of sexual penetration of the victim. The Appellant's argument is premised upon his assertion that the statutory definitions of "unlawful sexual penetration" and "cunnilingus" are contradictory, *i.e.*, "cunnilingus can be accomplished without penetration and that penetration is what is required to accomplish rape."

Rape of a child is defined as "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age." T.C.A. § 39-13-522(a) (2003). Sexual penetration is defined by statute to mean "sexual intercourse, cunnilingus, fellation, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's

---

[6]Indeed, a number of cases are noted in which a defendant provided multiple confessions to various witnesses. However, in none of these cases was our supreme court's holding premised upon the fact that one confession corroborated the other. *See generally Housler,* 193 S.W.3d at 479; *Smith,* 24 S.W.3d at 281; *Ricketts,* 241 S.W.2d at 604; *Williams*, 80 Tenn. at 211.

body . . . ." T.C.A. § 39-13-501(7) (2003). This court has defined cunnilingus as "a sexual activity involving oral contact with the female genitals" and determined that penetration of the vagina is not required. *State v. Karl E. Vanderbilt*, No. 70 (Tenn. Crim. App. at Jackson, Apr. 8, 1992). We would also note that in *State v. Hoyt*, 928 S.W.2d 935, 942 (Tenn. Crim. App. 1995), this court approved a jury instruction defining cunnilingus as "an act of sexual perversion committed by placing the mouth or tongue on or in the vagina of another." Similar definitions were approved in *State v. Michael Warren Evans,* No. 02 C01-9306-CC-00124 (Tenn. Crim. App. at Jackson, Mar. 2, 1994) (cunnilingus does not require penetration of vagina), and *State v. Reginald L. Parker*, No. 02 C01-9306-CR-00130 (Tenn. Crim. App. at Jackson, Dec. 28, 1994) (cunnilingus defined as "oral contact with female genitals" and oral penetration not required). Accordingly, we reject the Appellant's argument that "unlawful sexual penetration" cannot be accomplished by the act of cunnilingus.

## II. Limiting Instruction

Next, the Appellant asserts that it was plain error for the court to fail to provide, *sua sponte*, a limiting instruction which informed the jury that the five images found on the computer depicting child pornography could not be considered as evidence with regard to the rape of a child charges. He also asserts as error that the court did not so instruct the jury in the final charge. According to the Appellant, the computer images were not relevant, "legally or logically," to the child rape charges and tended only to show that the Appellant had a sexual interest in children. The State contends that the Appellant has waived this issue by his failure to contemporaneously request such a limiting instruction or object to the admission of the images at trial. The Appellant concedes his failure to do so, but he urges this court to review the issue under plain error.

Preliminarily, we would note that "rarely will plain error review extend to an evidentiary issue." *State v. Ricky E. Scoville*, No. M2006-01684-CCA-R3-CD (Tenn. Crim. App. at Nashville, Sept. 11, 2007); *see also State v. Billy Harris*, No. W2003-01911-CCA-R3-CD (Tenn. Crim. App. at Jackson, Aug. 4, 2004). Following our review of the record, we are unable to conclude that review of this issue is necessary "to prevent prejudice to the judicial process." *See* Tenn. R. App. P. 13(b). Accordingly, the issue is waived.

### CONCLUSION

Based upon the foregoing, the judgment of the Montgomery County Circuit Court is reversed, and the Appellant's five convictions for rape of a child are dismissed.

_____
DAVID G. HAYES, JUDGE