# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 29, 2010

## STATE OF TENNESSEE v. KIRBY WHITED

**Direct Appeal from the Criminal Court for Fentress County**
**No. 9304     E. Shayne Sexton, Judge**

---

**No. M2009-01054-CCA-R3-CD - Filed April 5, 2011**

---

A Fentress County Criminal Court Jury convicted the appellant, Kirby Whited, of tampering with evidence, a Class C felony. Following his conviction, the trial court imposed a sentence of three years, with fifty days to be served in jail and the remainder to be served on probation. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction and the sentence imposed by the trial court. The State concedes that the evidence is insufficient to support the appellant's conviction. Upon review, we conclude that the evidence is insufficient; therefore, the appellant's conviction must be vacated and the case dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed;**
**Case Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Martha Yoakum and Carla N. Brewer (on appeal), and Paul Crouch (at trial), LaFollette, Tennessee, for the appellant, Kirby Whited.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William Paul Phillips, District Attorney General; and John W. Galloway, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In July 2007, the Fentress County Grand Jury returned an indictment charging the appellant's son, Keith Whited, with the first degree murder of Benny Conatser on June 30, 2007.[1] The indictment also charged the appellant with tampering with evidence, namely a gun that was used in the murder. The appellant and Keith were tried together.[2] The jury found Keith guilty of second degree murder and the appellant guilty of tampering with the evidence.

In the light most favorable to the State, the proof at trial revealed that on June 30, 2007, Sarah Conatser went to the house shared by Keith and Keith's girlfriend, Katrina Honeycutt. While they were on the porch, the appellant raised the back of Sarah's skirt, exposing her. Sarah complained to Keith and Katrina about the appellant's behavior. At Keith's prompting, Sarah left the residence, and Russell Honeycutt and his girlfriend, Evelyn Bennett, took her home. After arriving home, Sarah told her parents, Benny and Sandra Conatser, what the appellant had done.

Later that afternoon, the appellant and Keith went to the Conatsers' residence. Benny went outside and had "words" with the appellant and Keith about the incident with his daughter, Sarah. Both the appellant and Keith maintained that Benny struck the appellant with a baseball bat. However, Sandra Conatser and Johnny Wright, who were also at the residence at the time, denied that Benny struck the appellant or that he owned a baseball bat. Regardless, Keith pulled a gun and shot Benny, who died from his injuries five days later. After the shooting, Keith and the appellant left the Conatsers' residence.

When Keith was arrested, he told police that he tossed the gun on the side of the road somewhere between his house and Benny's house. Later, the appellant told police that he thought he hid the gun in the woods behind his house. Despite the appellant's attempts to show police where the gun was hidden, police were unable to locate the gun. Officer Johnny Murphy testified that the appellant was charged with tampering with evidence because of the statement he made about disposing of the gun. At trial, Keith testified that the appellant never had possession of the gun.

Based upon the foregoing, the jury found the appellant guilty of tampering with evidence, and the trial court imposed a three-year sentence. On appeal, the appellant challenges the sufficiency of the evidence and the sentence imposed.

---

[1] The indictment also charged Keith Whited with driving under the influence.

[2] Some of the witnesses in this case share a surname. Therefore, for clarity, we have chosen to utilize their first names. We mean no disrespect to these individuals.

## II. Analysis

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

The appellant specifically argues that the State failed to establish the corpus delicti of the charged offense and that his confession to tampering with evidence was insufficiently corroborated. The State agrees with the appellant.

To convict the appellant of tampering with evidence, the State needed to establish that the appellant knew that an investigation or official proceeding was pending or in progress and that he altered, destroyed, or concealed any record, document, or thing with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. Tenn. Code Ann. § 39-16-503(a)(1). In other words,

> the felony offense of tampering with evidence consists of three elements: (1) an ongoing investigation about which the accused knows, (2) the accused alters, destroys, or conceals some "record, document or thing," and (3) the accused tampers with the "record, document or thing" in order to impair its use as evidence in the investigation.

State v. Majors, 318 S.W.3d 850,858 (Tenn. 2010).

This court has previously explained that "'[c]orpus delicti' literally means the body of the crime. In order to establish the corpus delicti of a crime, the State must establish beyond a reasonable doubt (1) that a certain result has been produced and (2) that some person is criminally responsible for the act." State v. Ellis, 89 S.W.3d 584, 600 (Tenn. Crim. App. 2000) (citations omitted). In Tennessee, the corpus delicti cannot be found solely upon

a defendant's confession. Id.; State v. Smith, 24 S.W.3d 274, 281 (Tenn. 2000). Instead, some corroborating evidence is required which, independently of the confession, tends to establish the corpus delicti of the offense charged. Smith, 24 S.W.3d at 281. However, in the case of a confession, the corroborative evidence "need not be as convincing as the evidence necessary to establish a corpus delicti in the absence of any confession." Ricketts v. State, 241 S.W.2d 604, 606 (Tenn. 1951). The corroborating evidence is sufficient to sustain a conviction if "it tends to connect the defendant with the commission of the offense, although the evidence is slight, and entitled, when standing by itself, to but little consideration." Id.; see also Smith, 24 S.W.3d at 281.

As we earlier noted, the State concedes it "failed to produce evidence that the [appellant] knew that an investigation was pending or in progress [or] that corroborated the [appellant's] confession that he hid the gun." We agree. Moreover, as the State acknowledges, the sum total of the evidence against the appellant is his statement that he hid the gun. While only slight evidence is necessary to corroborate a confession, the instant case is devoid of *any* corroborating evidence. Accordingly, given the paucity of evidence regarding this offense, we conclude the appellant's conviction for tampering with evidence must be reversed.

On appeal, the appellant also challenges the trial court's denial of full probation. However, given that we have reversed the appellant's conviction on sufficiency grounds, this issue is rendered moot.

### III.  Conclusion

Because the evidence was insufficient, we reverse and vacate the appellant's conviction for tampering with evidence and dismiss the case.

NORMA McGEE OGLE, JUDGE